UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CAPACITORS ANTITRUST
LITIGATION (NO. III)  MDL No. 2801

**TRANSFER ORDER**

**Before the Panel:**[*] Thirty-nine defendants[1] in the actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. This litigation consists of two actions pending in the District of Arizona and fifteen actions pending in the Northern District of California, as listed on Schedule A. The actions allege that various manufacturers of capacitors (which are primarily Japanese firms and their U.S. subsidiaries) conspired to fix the prices of aluminum and tantalum electrolytic capacitors, as well as film capacitors, all of which are used in myriad electronic products. The litigation pending in the Northern District of California consists of fourteen actions that have been consolidated for all purposes. These actions include putative direct purchaser class actions, putative indirect purchaser class actions, and an individual direct purchaser action. Another individual direct purchaser action was recently transferred from the Southern District of Florida and has been related, but not consolidated, with the other fourteen actions pending in California. Both of the Arizona actions are individual direct purchaser actions.

---

[*] Judges Lewis A. Kaplan and Ellen Segal Huvelle took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The moving defendants are: AVX Corporation; Panasonic Corporation; Panasonic Corporation of North America; SANYO Electric Co., Ltd.; SANYO Corporation of North America; NEC TOKIN Corporation; NEC TOKIN America, Inc.; Nippon Chemi-Con Corporation; United Chemi-Con, Inc.; Nichicon Corporation; Nichicon America Corporation; KEMET Corporation; KEMET Electronics Corporation; Rubycon Corporation; Rubycon America Inc.; Vishay Polytech Co., Ltd.; ROHM Co., Ltd.; ROHM Semiconductor U.S.A., LLC; Hitachi Chemical Co., Ltd.; Hitachi AIC Inc.; Hitachi Chemical Co. America, Ltd.; ELNA Co., Ltd.; ELNA America Inc.; Matsuo Electric Co., Ltd.; Holy Stone Enterprise Co., Ltd.; Milestone Global Technology Inc. (d/b/a Holystone International); Okaya Electric Industries Co., Ltd.; Okaya Electric America Inc.; Taitsu Corporation; Taitsu America, Inc.; Shinyei Kaisha; Shinyei Technology Co., Ltd.; Shinyei Capacitor Co., Ltd.; Shinyei Corporation of America, Inc.; Nitsuko Electronics Corporation; Nissei Electric Co., Ltd.; Shizuki Electric Co., Inc.; Soshin Electric Co., Ltd.; and Soshin Electronics of America, Inc. Each defendant is named in at least one Arizona and one California action.

-2-

We previously denied a motion to centralize this litigation. *See In re Capacitors Antitrust Litig. (No. II)*, 223 F. Supp. 3d 1340 (J.P.M.L. 2016). That motion was opposed by multiple plaintiffs and defendants. In contrast, no party opposes the present motion. Defendants represent that plaintiffs in the Arizona action support centralization in the Northern District of California. The direct purchaser class plaintiffs in the consolidated California actions take no position on the motion, but request that any MDL be centralized in the Northern District of California.

We based our previous denial of centralization on the availability of alternatives to centralization, such as transfer under 28 U.S.C. § 1404(a) and informal cooperation and coordination among the parties and the involved courts. Transfer under Section 1404(a) is no longer a viable alternative to centralization—the court in one of the Arizona actions (*Avnet*) denied a Section 1404(a) transfer motion in July of this year. Nor are we convinced that informal cooperation and coordination remain preferable to centralization. Our review of the California docket shows that this has been a complex litigation, involving substantial foreign discovery and coordination with ongoing criminal proceedings. Significant pretrial proceedings remain, including expert discovery and dispositive motion practice. Centralization will eliminate the potential for duplicative discovery and inconsistent pretrial rulings should the Arizona actions continue to proceed separately.

Accordingly, on the basis of the papers filed,[2] we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share common factual and legal questions arising from allegations that defendants conspired to fix prices for aluminum, tantalum, and film capacitors. Plaintiffs assert claims for violation of federal and state antitrust laws, as well as state consumer protection laws. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

The Northern District of California is the appropriate transferee district for this litigation. All parties agree on centralization in that district. The Honorable James Donato is the logical choice to oversee this litigation, as he has presided over the consolidated California litigation since its inception in 2014 and also is presiding over related criminal matters. Given his familiarity with the parties and issues in this litigation, we are confident that Judge Donato will continue to steer the litigation on an efficient and prudent course.

---

[2] The parties waived oral argument.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Donato for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
R. David Proctor          Catherine D. Perry

**IN RE: CAPACITORS ANTITRUST
LITIGATION (NO. III)**                                        MDL No. 2801

### SCHEDULE A

    District of Arizona

AVNET INCORPORATED v. HITACHI CHEMICAL COMPANY LIMITED, ET AL.,
    C.A. No. 2:16−02808
BENCHMARK ELECTRONICS INCORPORATED, ET AL. v. AVX CORPORATION,
    ET AL., C.A. No. 2:17−02058

    Northern District of California

IN RE CAPACITORS ANTITRUST LITIGATION, C.A. No. 3:14−03264
DEPENDABLE COMPONENT SUPPLY CORP. v. PANASONIC CORPORATION,
    ET AL., C.A. No. 3:14−03300
SCHUTEN ELECTRONICS, INC. v. AVX CORPORATION, ET AL.,
    C.A. No. 3:14−03698
ELLIS, ET AL. v. PANASONIC CORPORATION, ET AL., C.A. No. 3:14−03815
EIQ ENERGY, INC. v. AVX CORPORATION, ET AL., C.A. No. 3:14−04123
BENNETT v. PANASONIC CORPORATION, ET AL., C.A. No. 3:14−04403
IN HOME TECH SOLUTIONS, INC. v. PANASONIC CORPORATION, ET AL.,
    C.A. No. 3:14−04514
TOY-KNOWLGY INC. v. ELNA CO. LTD., ET AL., C.A. No. 3:14−04657
CAE SOUND v. ELNA CO. LTD., ET AL., C.A. No. 3:14−04677
QUATHIMATINE HOLDINGS, INC. v. ELNA CO. LTD., ET AL.,
    C.A. No. 3:14−04704
BROOKS, ET AL. v. PANASONIC CORPORATION, ET AL., C.A. No. 3:14−04742
WONG v. KEMET CORPORATION, ET AL., C.A. No. 3:14−04782
WALKER COMPONENT GROUP, INC. v. PANASONIC CORPORATION, ET AL.,
    C.A. No. 3:14−04800
FLEXTRONICS INTERNATIONAL USA, INC. v. NEC TOKIN CORPORATION,
    ET AL., C.A. No. 3:15−02517
THE AASI BENEFICIARIES TRUST, BY AND THROUGH KENNETH A. WELT,
    LIQUIDATING TRUSTEE v. AVX CORPORATION, ET AL.,
    C.A. No. 3:17−03472